**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

JUAN A. RODRIGUEZ,

                                        Plaintiff,

        v.                                              No. 06-CV-403
                                                            (LEK/DRH)

GIL, Sergeant; T. HOWARD, Correctional Officer;
DISCIPLINARY HEARING DEPARTMENT; and
JOHN DOE, Correctional Officer,

                                        Defendants.
_____

**APPEARANCES:**                          **OF COUNSEL:**

JUAN A. RODRIGUEZ
Plaintiff Pro Se
436-1/2 North Oleander Avenue
Daytona Beach, Florida 32118

HON. ANDREW M. CUOMO              CHRISTOPHER W. HALL, ESQ.
Attorney General for the                    Assistant Attorney General
   State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[1]

    Plaintiff pro se Juan A. Rodriguez ("Rodriguez"), formerly an inmate in the custody of the

New York State Department of Correctional Services ("DOCS"), brought this action

pursuant to 42 U.S.C. § 1983 alleging that defendants, three DOCS employees and a

DOCS entity,[2] violated his constitutional rights under the First, Eighth, and Fourteenth

_____

        [1]This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

        [2] Upstate Correctional Facility, R. K. Woods, D. LaClair, and Grievance, Law
Library,  Medical Department, and C.O. Barse were previously named as defendants but

Amendments.  Am. Compl. (Docket No. 7).  Presently pending is defendants' motion for

summary judgment pursuant to Fed. R. Civ. P. 56.  Docket No. 29.  Rodriguez failed to

respond to the motion.  For the following reasons, it is recommended that defendants'

motion be granted.


## I.  Failure to Respond

Rodriguez did not oppose defendants' motion.  "The fact that there has been no

response to a summary judgment motion does not. . . mean that the motion is to be granted

automatically."  Champion v. Artuz, 76 F.3d 483, 436 (2d Cir. 1996).[3]  Even in the absence

of a response, defendants are entitled to summary judgment only if the material facts

demonstrate their entitlement to judgment as a matter of law.  Id.; Fed. R. Civ. P. 56(c).

Because Rodriguez has not responded to raise any question of material fact, the facts as

set forth in defendants' Rule 7.1 Statement of Material Facts (Docket No. 75-2) are

accepted as true.  Adirondack Cycle & Marine, Inc. v. Am. Honda Motor Co., No. 00-CV-

1619, 2002 WL 449757, at *1 (N.D.N.Y. Mar. 18, 2002) (McAvoy, J.) (citing Lopez v.

Reynolds, 998 F. Supp. 252, 256 (W.D.N.Y. 1997)).


## II. Background

At all times relevant herein, Rodriguez was incarcerated at the DOCS facility at Upstate.

Defs. Statement of Material Facts ¶ 1; Am. Compl. ¶ 2.  On January 17, 2006, Rodriguez

---

were terminated from the action on November 17, 2006.  See Docket No. 12.  Defendant
John Doe has neither been served nor otherwise appeared.  See Docket No. 18.

[3]But see section IV infra.

2

was allegedly "sexually harassed" by defendant Howard.  Defs. Statement of Material Facts

¶ 2.  A month later, Howard physically assaulted Rodriguez by throwing a food plate

through a slot in Rodriguez' cell door, hitting Rodriguez in the knee.  Id. ¶ 3.  Rodriguez

allegedly reported the incident to defendant Gil, who failed to take any action and allowed

Howard to continue escorting Rodriguez from his cell.  Id. ¶ 4.

On one occasion an altercation occurred when Howard "sexually t[o]uch[ed Rodriguez]

and thr[ew him in]to the wall smashing [his] face."  Id. ¶ 4.  When a response team arrived

at the scene, defendant John Doe jumped on Rodriguez and attempted to break his hand

but succeeded only in breaking Rodriguez' middle finger.  Id. 6.  On March 10, 2006,

Howard allegedly made sexually inappropriate remarks to Rodriguez.  Id. ¶¶ 7-8.

During Rodriguez' incarceration at Upstate, he filed four grievances concerning (1)

access to and provision of law library materials, (2) the misapplication of prior credits in

determining his sentence, (3) officer harassment by illegally searching his cell and legal

mail, and (4) complaints about medical attention required for his broken glasses.  Id. ¶¶ 9-

17.  The only grievance appealed by Rodriquez concerned Rodriguez' dispute over his

sentencing computations.  Id. ¶ 21.

This action followed.


## III.  Discussion

In his amended complaint, Rodriguez alleges that (1) his First Amendment rights were

violated when defendants failed to provide him with the materials he requested from the law

library, (2) his Eighth Amendment rights were violated when defendants sexually and

physically assaulted him and failed to repair his glasses, and (3) his Fourteenth Amendment

rights were violated by the way in which defendants handled his grievances.  Defendants move for summary judgment on the grounds that Rodriguez failed to exhaust his administrative remedies and no facts were alleged against defendant Disciplinary Hearing Department.

## A. Legal Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Facts are material if they may affect the outcome of the case as determined by substantive law.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).

4

When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-movant special solicitude. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006); see also Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds *pro se*, ... a court is obliged to construe his pleadings liberally.'" (citations omitted)). However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. Anderson, 477 U.S. at 247-48.

## B. Exhaustion

As a threshold matter, defendants contend that Rodriguez has failed to exhaust his administrative remedies. Under 42 U.S.C. § 1997e(a), an inmate must exhaust all administrative remedies prior to bringing any suits challenging prison conditions, including federal civil rights cases. Porter v. Nussle, 534 U.S. 516, 524 (2002); see also Woodford v. Ngo, 126 S. Ct. 2378, 2382-83 (2006). This exhaustion requirement applies to all prison condition claims. Porter, 534 U.S. at 532. "[A]ny deprivation that does not affect the fact or duration of a prisoner's overall confinement is necessarily a condition of that confinement." Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir. 1999). The exhaustion requirement also applies even if the administrative grievance process does not provide for all the relief requested by the inmate. Nussle, 534 U.S. at 524.

While the Supreme Court has deemed exhaustion mandatory, the Second Circuit has recognized that "certain caveats apply." Ruggiero v. County of Orange, 467 F.3d 170, 175

(2d Cir. 2006) (citing <u>Giano v. Goord</u>, 380 F.3d 670, 677 (2d Cir. 2004)).  Exhaustion is

generally achieved through the Inmate Grievance Program (IGP).[4]  <u>See</u> N.Y. Comp. Codes

R. & Regs. tit. 7, § 701.1 <u>et seq.</u> (2001).  However, when inmates fail to follow the IGP, a

court must conduct a three-part inquiry to determine if such failure is fatal to their claims.  A

court must consider whether

> (1) administrative remedies are not available to the prisoner; (2) defendants
> have either waived the defense of failure to exhaust or acted in such a way as
> to estop them from raising the defense; or (3) special circumstances, such as
> a reasonable misunderstanding of the grievance procedures, justify the
> prisoner's failure to comply with the exhaustion requirement.

<u>Ruggiero</u>, 467 F.3d at 175 (citing <u>Hemphill v. New York</u>, 380 F.3d 680, 686 (2d Cir. 2004)).

    Administrative remedies are unavailable when there is no "possibility of [] relief for the

action complained of."  <u>Abney v. McGinnis</u>, 380 F.3d 663, 667 (2d Cir. 2004) (citing <u>Booth v.

Churner</u>, 532 U.S. 731, 738 (2001)).  The test to determine the availability of an

administrative remedy is an objective one asking whether "a similarly situated individual of

ordinary firmness" would have deemed it accessible.  <u>Id.</u> at 688.  Courts have found

unavailability "where plaintiff is unaware of the grievance procedures or did not understand

it or where defendants' behavior prevents plaintiff from seeking administrative remedies."

<u>Hargrove v. Riley</u>, No. CV-04-4587 (DST), 2007 WL 389003, at *8 (E.D.N.Y. 2007) (internal

citations omitted).

    Here, Rodriguez has an undeniable familiarity with the grievance program and its

---

[4]"The IGP is a three-step process that requires an inmate to: (1) file a grievance
with the IGRC [Inmate Grievance Resolution Committee]; (2) appeal to the superintendent
within four working days of receiving the IGRC's written response, and (3) appeal to the
CORC [Central Office Review Committee] ... within four working days of receipt of the
superintendent's written response." <u>Abney v. McGinnis</u>, 380 F.3d 663, 668 (2d Cir.2004)
(internal citations omitted).

appeals process, as he has filed four grievances and one appeal.  Defs. Statement of

Material Facts ¶¶ 12-21.  Additionally, Rodriguez indicated that he believed the

prerequisites of administrative exhaustion were inapplicable to him as he was unlawfully

imprisoned and did not intend to comply with them.  Am. Compl. ¶ 4(c).  Defendants

contend that in light of Rodriguez' extensive knowledge of the IGP, Rodriguez failed fully to

exhaust his remedies by failing to file any grievances concerning (1) the three alleged

sexual harassment incidents, (2) the two alleged excessive force incidents, and (3) the

allegedly unconstitutional way defendants processed his grievances.  The grievance

program was available to Rodriguez, he chose to use it on multiple occasions, but failed to

use it for these claims, and he failed to appeal the prior denials regarding his law library and

medical treatment claims.  Additionally, Rodriguez failed to proffer any special

circumstances which would have rendered the grievance process futile or inaccessible to

excuse his failures to utilize the IGP.

    Therefore, defendants' motion for summary judgment on this ground.


## IV. Failure to Prosecute

    Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may dismiss an

action based upon the failure of a plaintiff to prosecute, comply with an order of the court, or

notify the court of a change of address.  See Link v. Wabash R.R. Co., 370 U.S. 626, 629

(1962); MTV Networks v. Lane, 998 F. Supp. 390, 393 (S.D.N.Y.1998); see also

N.D.N.Y.L.R. 41.2(b).  Additionally, Local Rule 10.1(b)(2) provides that all pro se litigants

must immediately notify the Court of any change of address.  "Failure to notify the Court of

a change of address in accordance with [Local Rule 10.1(b)(2)] may result in the dismissal of any pending action." Warren v. Artus, No. 05-CV-1032 (LEK/DEP), 2007 WL 1017112, at *2 (N.D.N.Y. Mar. 30, 2007) (quoting N.D.N.Y.L.R. 41.2(b)).

Since a Rule 41(b) dismissal is a "harsh remedy," it is "appropriate only in extreme circumstances." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).  Furthermore, where the plaintiff is pro se, "courts 'should be especially hesitant to dismiss for procedural deficiencies. . . .'" Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998) (quoting Lucas, 84 F.3d at 535); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477(2006).  To determine whether dismissal for failure to prosecute is appropriate, courts should consider:

> 1) the duration of plaintiff's failures; 2) whether plaintiff had received notice that further delays would result in dismissal; 3) whether the defendant is likely to be prejudiced by further delay; 4) a balancing of the need to alleviate court calendar congestion with a party's right to due process; and 5) the efficacy of lesser sanctions.

See Patterson v. Newspaper & Mail Deliverers' Union of N.Y. & Vicinity, 884 F. Supp. 869, 872 (S.D.N.Y.1995); Stoenescu v. Jablonski, 162 F.R.D. 268, 270 (S.D.N.Y.1995).

Rodriquez was incarcerated when this action was commenced on March 24, 2006.  See Compl. (Docket No. 1).[5]  He was released from custody on or about October 12, 2006.  See DOCS Inmate Information (visited Nov. 21, 2006), <http://nysdocslookup.docs.state.. ny.us/GCA00P00/WJ02/WINQ120>.  Rodriguez provided no change of address notification at that time and subsequent mail to his last known address was returned undelivered.  See Docket Nos. 12, 23, 24.  On November 19, 2007, Rodriguez' address was updated in the Court's docket to the address listed above based on information provided by defendants'

_____

[5]This action was commenced in the Southern District of New York and transferred to the district on March 30, 2006.  Docket No. 3.

counsel.. <u>See</u> Docket entry dated 11/19/07.  Thereafter, mail was successfully delivered to

Rodriguez and he participated in at least two conferences with the court by telephone.  <u>See</u>

Docket entries dated 11/29/07 & 2/13/08.  However, Rodriquez failed to respond to the

instant motion and an order entered <u>sua sponte</u> extending Rodriguez' time to respond sent

to the address listed above was returned undelivered.  Docket Nos. 30, 31.  Rodriquez has

provided no new address.  Rodriguez has no contact with the Court since the telephone

conference on February 13, 2008.

It is thus unclear where Rodriguez is located and whether he has received the present

motion for summary judgment.  The duration of Rodriguez' failure to provide a current

address is substantial and no end to the inaction appears in sight. <u>See</u> N.D.N.Y.L.R. 41.2(a)

("[T]he plaintiff's failure to take action for four (4) months shall be presumptive evidence of

lack of prosecution.").  Moreover, it is the obligation of a party, not the Court or opposing

counsel, to maintain a current address to permit the orderly progression of a case. <u>See</u>

<u>Fenza v. Conklin</u>, 177 F.E.D. 126, 127 (N.D.N.Y. 1998) (Pooler, J.).  Rodriguez has failed in

both regards.

The prejudice to defendants from Rodriguez' continued failures results primarily from the

need of their counsel to expend unnecessary time attempting to communicate with

Rodriguez both formally and informally and researching and filing motions seeking

resolution of the case.

The need to alleviate court calendar congestion is best evidenced here by the age of

this case.  This case, which is not unduly complex, has now been pending for over two

years.  The guideline for completion of cases in this district is eighteen months.  <u>See</u>

N.D.N.Y. Gen. Order 25 (directing the timely progression of civil actions); <u>see also</u> Civil

Justice Reform Act of 1990, 28 U.S.C. § 471 et seq (mandating reduction in the delay and cost of civil cases).  This action has thus been pending for an inordinate period of time solely as the result of Rodriguez' actions and inactions.  Against this delay must be balanced his right to due process.  Rodriguez' failure to maintain contact with opposing counsel or the Court has made impossible any recourse to permit Rodriguez to respond to defendants' motion or otherwise proceed with the case.  Thus, on balance and in these circumstances, the balance of these factors weighs strongly in favor of the need to alleviate court congestion.

Consideration of these factors, therefore, compels the conclusion that dismissal of the action affords the only reasonable method of addressing Rodriguez' repeated and ongoing failures to fulfill his obligations to notify the Court and counsel of his address and to continue to litigate the present case.

## V.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion for summary judgment (Docket No. 29) be **GRANTED** as to all claims and all defendants.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:  November 21, 2008
       Albany, New York

David R. Homer
U.S. Magistrate Judge